**F I L E D**
CLERK, U.S. DISTRICT COURT

12/10/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VM _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHNNY CASTILLO,<br> aka "Band$,"<br> aka "gucciholic420,"<br><br>   Defendant. | CR  2:21-CR-00570-SVW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(C): Distribution of<br>Fentanyl Resulting in Death;<br>21 U.S.C. §§ 841(a)(1),<br>(b)(1)(B)(vi), (b)(1)(C):<br>Possession with Intent to<br>Distribute Fentanyl; 18 U.S.C.<br>§ 924(c)(1)(A)(i): Possession of a<br>Firearm in Furtherance of a Drug<br>Trafficking Crime; 21 U.S.C.<br>§ 853, 18 U.S.C. § 924, 28 U.S.C.<br>§ 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about July 5, 2021, in Los Angeles County, within the Central District of California, defendant JOHNNY CASTILLO, also known as ("aka") "Band$," aka "gucciholic420," knowingly and intentionally distributed N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, the use of which resulted in the death and serious bodily injury of S.F.

1

COUNT TWO

2

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

3     On or about July 13, 2021, in Los Angeles County, within the

4 Central District of California, in a residence, defendant JOHNNY

5 CASTILLO, also known as ("aka") "Band$," aka "gucciholic420,"

6 knowingly and intentionally possessed with intent to distribute at

7 least 40 grams, that is, approximately 117.9 grams, of a mixture and

8 substance containing a detectable amount of N-phenyl-N-[1-(2-

9 phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II

10 narcotic drug controlled substance.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THREE

[18 U.S.C. § 924 (c) (1) (A) (i)]

On or about July 13, 2021, in Los Angeles County, within the Central District of California, in a residence, defendant JOHNNY CASTILLO, also known as ("aka") "Band$," aka "gucciholic420," knowingly possessed a firearm, namely, a .223 caliber rifle, bearing no serial number (commonly referred to as a "ghost gun"), in furtherance of a drug trafficking crime, namely, possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841 (a) (1), (b) (1) (B) (vi), as charged in Count Two of this Indictment.

1

COUNT FOUR

2

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

3      On or about July 13, 2021, in Los Angeles County, within the

4 Central District of California, in a car, defendant JOHNNY CASTILLO,

5 also known as ("aka") "Band$," aka "gucciholic420," knowingly and

6 intentionally possessed with intent to distribute N-phenyl-N-[1-(2-

7 phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II

8 narcotic drug controlled substance.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts One, Two, or Four of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof:  (a) cannot be

located upon the exercise of due diligence;  (b) has been transferred, sold to, or deposited with a third party;  (c) has been placed beyond the jurisdiction of the court;  (d) has been substantially diminished in value; or  (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924 (d) (1) and 28 U.S.C. § 2461 (c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

//

//

1   jurisdiction of the court;  (d) has been substantially diminished in

2   value;  or  (e) has been commingled with other property that cannot be

3   divided without difficulty.

4

5                                                    A TRUE BILL

6

7                                                    _____/S/_____

8                                                    Foreperson

9   TRACY L. WILKISON
    United States Attorney
10

11

12  SCOTT M. GARRINGER
    Assistant United States Attorney
13  Chief, Criminal Division

14  JOSHUA O. MAUSNER
    Assistant United States Attorney
15  Deputy Chief, General Crimes
    Section
16

17  ASHLEY FILLMORE
    Assistant United States Attorney
18  International Narcotics, Money
    Laundering & Racketeering Section

19

20

21

22

23

24

25

26

27

28